IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEEANNE MARIE SULLIVAN | * |
| Plaintiff | * |
| v. | * Civil No. **PJM 15-1188** |
| CALVERT MEMORIAL HOSPITAL, et al. | * |
| Defendants | * |

## MEMORANDUM OPINION

Leeanne Marie Sullivan ("Sullivan") has asserted medical negligence claims against Jeffrey Welgoss, MD, Barbara Kurtz Estes, MD, Patricia Gauch, RN, Marie Davis, RN, Alexandria Mason, ORT, and Calvert Memorial Hospital (collectively, "the Maryland Healthcare Defendants") for injuries resulting from her surgery at Calvert Memorial Hospital. She also brings products liability claims against Ethicon, Inc.— the manufacturer of a medical device that the surgical team implanted in her during the surgery— and its parent company, Johnson & Johnson (collectively, "the Ethicon Defendants").

Suit was originally filed in the Circuit Court of Calvert County. The Ethicon Defendants removed the case to this Court on the basis of true diversity jurisdiction on April 29, 2015.[1] ECF No. 1. On the same day, the Ethicon Defendants filed a Motion to Sever the claims brought against it from the claims brought against the Maryland Healthcare Defendants. ECF No. 7.

---

[1] On the face of the Complaint filed in state court there was incomplete diversity, since Sullivan and some of the Maryland Healthcare Defendants were all apparently citizens of the State of Maryland. However, where the joining of nondiverse defendants is used as a tactic to defeat removal to federal court, and is not otherwise justifiable, the party seeking to establish or defeat complete diversity may remove the case to federal court and ask the federal court to determine the bona fides of the joinder. *See, e.g., Slater v. Hoffman-LaRoche*, 771 F. Supp. 2d 524, 529 (E.D. Pa. 2011).

Sullivan opposes the Motion to Sever, and has moved to remand the case to state court. ECF No. 19.

For the following reasons, the Court **GRANTS** the Ethicon Defendants' Motion to Sever and **GRANTS-IN-PART AND DENIES-IN-PART** Sullivan's Motion to Remand.

A.

**Factual and Procedural Background**

According to the Complaint, on November 8, 2011, Sullivan underwent surgical procedures at Calvert Memorial Hospital in Prince Frederick. During the course of the surgery, Jeffrey Welgoss, MD and his surgical team, including Barbara Kurtz Estes, MD, Patricia Gauch, RN, Marie Davis, RN, and Alexandria Mason, ORT, inserted a catheter into Sullivan's bladder. The team also inserted a transvaginal sling (TVT) into her pelvic region. The TVT had been manufactured by Ethicon, Inc. At the conclusion of the surgery, a member of the surgical team was tasked with removing the catheter. Unbeknownst to Sullivan, however, that team member failed to fully remove the catheter, and left a piece of it in her bladder. On or about the first day after the surgery, Sullivan began experiencing extreme pain and discomfort. On March 5, 2012, Dr. Welgoss attempted, unsuccessfully, to remove the piece of catheter, but instead removed a piece of Sullivan's urethra. The same day, Sullivan was admitted to INOVA Hospital in Fairfax, Virginia, where the piece of catheter was removed from her bladder. She continued to experience pain and discomfort after the removal. Sullivan alleges that at the same time she suffered pain and discomfort as a result of the indwelling piece of catheter she also suffered as a result of the Ethicon Defendants' TVT sling implanted in her. *See* Compl. ¶¶ 12-22, 54, ECF No. 2.

Sullivan brings four counts of negligence against the Maryland Healthcare Defendants. Count I alleges medical negligence for failure to remove a foreign object (i.e. the piece of the catheter) from her bladder before discharging her from the hospital. Count II alleges medical negligence based on the doctrine of *res ipsa loquitor*, positing that the fact that a portion of the catheter remained in her bladder after the surgery speaks for itself that there was negligence. Count III alleges negligence for failing to properly perform the surgery, causing Sullivan's pre-operative conditions and complaints to remain unresolved. Count IV alleges medical negligence against the surgical team for installing an unsafe, dangerous, and defective TVT sling product. Count V alleges vicarious liability against Calvert Memorial Hospital based on the four counts of negligence allegedly committed by the surgical team.

Sullivan also asserts four counts against the Ethicon Defendants. Count VI alleges strict products liability for failure to warn of the dangers of the TVT sling. Count VII alleges that the Ethicon Defendants were negligent in failing to warn about the risks of the TVT sling when used as designed. Count VIII alleges that the Ethicon Defendants are liable for the negligent provision of a dangerous instrument that was unreasonably dangerous when put to a reasonably anticipated use without the user having knowledge of its characteristics. Count IX alleges that the Ethicon Defendants fraudulently concealed from Sullivan and the general medical community dangers known to them about the sling.

It is undisputed that Sullivan is a citizen of Maryland and the Ethicon Defendants are not citizens of Maryland. *See* Compl. ¶¶ 1, 9-10, ECF No. 2. It is further undisputed that at least some, if not all, of the Maryland Healthcare Defendants are citizens of Maryland. *See id.* ¶¶ 2-7.

On April 29, 2015, the Ethicon Defendants removed the case to this Court on the basis of true diversity jurisdiction, ECF No. 1, simultaneously moving to sever the claims against the nondiverse defendants, the Maryland Healthcare Defendants, ECF No. 7.

The Ethicon Defendants argue that Sullivan's claims against the Maryland Health Defendants should be severed from the claims against them either (1) because the Maryland Healthcare Defendants are not necessary parties to the claims against the Ethicon Defendants, or (2) because the claims against the Maryland Healthcare Defendants have been fraudulently misjoined.

Sullivan opposes the Motion to Sever, and has moved to remand all claims to state court. ECF No. 19. She argues that the Court does not have the discretion to drop the Maryland Healthcare Defendants from this action in order to achieve complete diversity because the Maryland Healthcare Defendants are indeed necessary and proper parties to the claims against the Ethicon Defendants. Additionally, Sullivan contends, there has been no fraudulent misjoinder, since her claims against all of the Defendants stem from the same transaction or occurrence, and questions of law and fact common to all defendants will arise during the course of litigation.

Calvert Memorial Hospital has filed a Motion to Sever and Remand, ECF No. 22, adopting the arguments of the Ethicon Defendants.

**B.**

The Court has discretion, under Federal Rule of Civil Procedure 21, to drop nondiverse parties to achieve complete diversity. *See Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998). That discretion is guided by consideration of whether dismissal of the nondiverse party

or parties will prejudice any of the parties remaining in the case, and whether the presence of the nondiverse party provides a tactical advantage for one party. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989).

The United States Court of Appeals for the Sixth Circuit has further undertaken this prejudice analysis by determining whether the party sought to be severed is a necessary and indispensable party under Federal Rule of Civil Procedure 19. *See Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545-46 (6th Cir. 1994). If the party is found to be necessary, then diversity remains incomplete and the case must be remanded to state court.

A party is deemed necessary if "the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). A necessary party is indispensable if the action cannot proceed without that party "in equity and good conscience." *See* Fed. R. Civ. P. 19(b). The general consensus is that parties may be severed under Rule 21 even when they have been properly joined, so long as the party is not necessary and indispensable under Rule 19. *See Safeco*, 36 F.3d at 546.

### C.

Sullivan argues that the Maryland Healthcare Defendants are necessary parties to her claims against the Ethicon Defendants because if the medical negligence and products liability claims were tried separately, she contends, each set of defendants could use the "empty chair" defense and blame Sullivan's injuries on the actions of the missing group of defendants.

The Court finds, however, as regards Counts I and II against the Maryland Healthcare Defendants, that those defendants are not necessary parties to the litigation against the Ethicon Defendants. Counts I and II against the Maryland Healthcare Defendants relate to the negligence *vel non* with respect to leaving a portion of the catheter in Sullivan's bladder after her surgery. The counts against the Ethicon Defendants relate only to the manufacture of the TVT sling. Sullivan has not plausibly alleged in her Complaint any way in which the Ethicon Defendants' TVT sling is casually connected to the injury caused by the catheter.

Still, Sullivan insists that two of her medical negligence counts against the Maryland Healthcare Defendants, Counts III and IV[2], do relate to the Ethicon Defendants' TVT sling device. She suggests that Count III, which alleges a negligence claim against the surgical team for failing to properly perform her surgery and remedy her conditions, includes the surgical team's installation of the Ethicon Defendants' TVT sling. Count IV, she says, alleges medical negligence against the surgical team for installing the Ethicon Defendants' allegedly unsafe, dangerous, and defective TVT sling. Again, if Counts III and IV and the products liability claims are not joined, Sullivan continues, each set of defendants could use the "empty chair" defense and blame Sullivan's injuries on the missing group of defendants.

The Court similarly concludes that Counts III and IV that Sullivan posits against the Maryland Healthcare Defendants do not make them necessary parties to any claims she may

---

[2] The Ethicon Defendants submit that Counts III and IV are not cognizable medical malpractice claims against the Maryland Healthcare Defendants because neither the certificate of merit nor the accompanying doctor report take issue with the surgical team's implantation of the TVT sling. As a result, the Ethicon defendants say, Counts III and IV are not properly before the Court. *See* Md. Code Ann. § 3-2A-04(b)(1)(i) ("[A] claim or action filed after July 1, 1986, shall be dismissed, without prejudice, if the claimant or plaintiff fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days from the date of the complaint."). Since Counts III and IV are not before the Court, the Ethicon Defendants argue, they cannot be the basis for establishing the Maryland Healthcare Defendants as necessary and indispensable parties.
  The Court need not decide this issue, however, since it finds that even assuming that Counts III and IV are properly before it, the Maryland Healthcare Defendants would not be necessary parties. On remand, the state court is free to determine whether Counts III and IV are or are not in compliance with Maryland law.

have against the Ethicon Defendants. While Counts III and IV against the Maryland Healthcare Defendants may involve the same physical object that is the source of the products liability claims against the Ethicon Defendants, the medical negligence claims against the Maryland Healthcare Defendants involve legal standards and factual inquiries distinctly different from the products liability claims against the Ethicon Defendants.

Additionally, resolution of the Sullivan's claim against the Maryland Healthcare Defendants, would not necessarily resolve her claims against the Ethicon Defendants. In just such a circumstance, district courts have held that a healthcare provider is not a necessary party to the plaintiff's claims against the manufacturer of the medical device used by the healthcare provider, when the resolution of the plaintiff's claim against the healthcare provider would not necessarily resolve the plaintiff's claims against the product manufacturer. *See, e.g., Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872-73 (N.D. Ohio 2009); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015).

In *Joseph*, for example, the plaintiff sued nondiverse healthcare providers for the negligent prescription of Heparin. 614 F. Supp. 2d at 871. The claim focused on the conduct of the healthcare providers when they prescribed the drug. *Id.* The plaintiff also joined products liability claims against the diverse manufacturer of Herapin, which focused on the design, manufacture, labeling, and recall of the product. *Id.* The Ohio district court granted severance of the medical negligence claims against the nondiverse medical providers from the products liability claims against the diverse manufacturer, finding that the healthcare providers were not necessary parties because the resolution of the claims against them would not necessarily resolve the plaintiff's claims against the drug maker, given the different legal and factual issues of the claims. *Id.* at 872. The claims against the healthcare providers centered on the conduct of the

healthcare providers in prescribing the drug: whether they had proper procedures in place to prevent improper use of the drug, and/or whether they administered the drug to the patient even though the patient's chart noted that she was allergic to it. *Id.* This inquiry was differentiated from the inquiry on which the product liability claims against the drug manufacturer turned; i.e., the company's conduct in manufacturing and marketing the drug. *Id.* Resolution of the issues regarding the medical negligence claims— e.g., the healthcare providers' supposedly substandard conduct— would not necessarily have resolved the issues on which the products liability claims hinged— i.e., the manufacturer's procedures in the production and distribution of the drug. *Id.* Accordingly, the Ohio court held that the healthcare providers were not necessary parties to the products liability suit against the diverse manufacturer. *Id.* That said, the court severed them to establish complete diversity, pursuant to Rule 21. *Id.* at 874.

The same situation obtains here. The Maryland Healthcare Defendants are not necessary parties to Sullivan's claims against the Ethicon Defendants because the resolution of her claims against the Maryland Healthcare Defendants would not necessarily resolve her claims against the Ethicon Defendants. Sullivan's medical negligence claims against the Maryland Healthcare Defendants hinge on whether they deviated from the standard of care of healthcare professionals in selecting the sling and implanting it during the surgery. Her products liability claims against the Ethicon Defendants turn on whether those defendants, at an earlier point in time, improperly designed, manufactured, tested, advertised, and gave directions regarding use of the sling. These standards of care and the deviation from same are different and distinct from one another. As a result, the Court has the authority to sever the claims against the two groups of defendants.[3]

---

[3] The two cases from this district that Sullivan cites, *Stephens v. Kaiser Foundation Health Plan of the Mid-Atlantic States*, 807 F. Supp. 2d 375 (D. Md. 2011) and *Larson v. Abbott Laboratories*, 2013 WL 5937824 (D. Md. November 5, 2013), are inapposite because in those cases the court was asked only to consider severance due to fraudulent misjoinder, not severance based on Rule 21.

Finally, there is a critical policy reason why the Court exercises its discretion and severs the two defendant groups. Severance is particularly appropriate in this case because it would allow for the transfer of Sullivan's claims against the Ethicon Defendants to Multi-District Litigation (MDL) currently pending before Judge Joseph R. Goodwin in the U.S. District Court for the Southern District of West Virginia, where over 25,000 products liability cases based on the TVT are being litigated. Whatever inconvenience Sullivan might suffer from her having to litigate her claims in two separate forums, that inconvenience is far exceeded by the prejudice of requiring the manufacturer of a TVT to defend on "many more than just two fronts." *See Joseph*, 614 F. Supp. 2d at 873. Forcing the Ethicon Defendants to litigate TVT claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers that installed the device would defeat the entire purpose of the MDL.

Accordingly, the Court will sever Sullivan's claims against the Maryland Healthcare Defendants and remand them to state court; it will retain jurisdiction over the claims against the Ethicon Defendants. The Court is prepared to assist the Ethicon Defendants in referring the claims against it to the pending MDL litigation in West Virginia.[4]

Summing up, the Ethicon Defendants' Motion to Sever, ECF No. 7, is **GRANTED** and Sullivan's Motion to Remand, ECF No. 19, is **GRANTED** as to Counts I, II, III, IV, and V but **DENIED** as to Counts VI, VII, VIII, and IX.

The Ethicon Defendants have filed a Motion to Stay all Proceedings Pending Transfer to MDL No. 2327. ECF No. 12. Sullivan's Opposition to the Motion to Stay, ECF No. 20, is

---

[4] Since the Court has concluded that it has discretion to sever the claims against the Maryland Healthcare Defendants because they are not necessary parties to the claims against the Ethicon Defendants, it need not decide the issue of whether the Maryland Healthcare Defendants have been fraudulently misjoined to the claims against the Ethicon Defendants.

predicated on her assumption that the Court would not sever her claims against the Maryland Healthcare Defendants, and would remand the entire case to state court. Since the Court has severed her claims against the Maryland Healthcare Defendants, her opposition to the Motion to Stay is moot. Accordingly, the Court **GRANTS** the Ethicon Defendants' Motion to Stay, ECF No. 12.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 30, 2015